1

2

3

4                      UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7    CARY LEE PETERSON,                          Case No. 21-cv-07556-EMC

8                   Plaintiff,

9           v.                                   **ORDER OF DISMISSAL**

                                                 Docket Nos. 2, 4, 9, 12
10   STEPHANIE HINDS,

11                  Defendant.

12

13

14          On December 20, 2018, the United States District Court for the District of New Jersey

15   ("District of New Jersey") sentenced Cary Lee Peterson to 52 months imprisonment as

16   punishment for multiple crimes of "fraud, false certifications, false documents" and

17   "misrepresentation."  Docket No. 1-1 at 17-26[1] (transcript of hearing regarding bail); *see also*

18   Docket No. 1 at 4 (summarizing Mr. Peterson's sentence).

19          Mr. Peterson has filed a petition for writ of habeas corpus ("Petition"), which is now

20   before the Court for review pursuant to 28 U.S.C. § 2243.  At the time that he filed the Petition,

21   Mr. Peterson was confined to his home "via electronic ankle monitoring device [with] multiple

22   daily call-ins to [a] halfway house."  Docket No. 1 ("Petition") at 1.

23          Mr. Peterson also has filed multiple baseless and/or unintelligible motions.  *See* Docket

24   Nos. 2, 4, 9, 12.

25          For the reasons given below, Mr. Peterson's motions are **DENIED** and the Petition is

26   **DISMISSED**.

27

28   _____

[1] For ease of reference, the Court cites the page numbers assigned by the ECF system.

## I.  **STANDARD OF REVIEW**

Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions."  28 U.S.C. § 2241(a).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

## II.  **ANALYSIS OF PETITION**

The Petition states four claims: Mr. Peterson argues that the BOP held him too long in an institution before moving him to home confinement; that his identity documents were confiscated and not returned; that an Assistant United States Attorney for the Northern District of California ("AUSA") is not sufficiently helpful; and that the District of New Jersey failed to resolve a disputed fact in Mr. Peterson's presentence report.  *See* Pet. at 7-8.  The first three claims are not cognizable in a habeas action, and the fourth should be heard in the District of New Jersey.

A.    Claim 1: Home Confinement

Mr. Peterson's first claim, regarding home confinement, is not cognizable.

Mr. Peterson argues that the Bureau of Prisons ("BOP") was obligated to release him to home confinement earlier than it did.  *See* Pet. at 6-7.  However, the statute on which Mr. Peterson relies directs the Bureau of Prisons ("BOP") only "*to the extent practicable*, [to] place prisoners with lower risk levels and lower needs on home confinement."  18 U.S.C. § 3624(c)(2) (emphasis added).  This is not mandatory language; rather, it grants to BOP discretion as to what is "practicable."  As the Ninth Circuit has previously explained, because the BOP's decisions with regard to home confinement are discretionary, they are not amenable to challenge in a habeas petition.  *See Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011); *see also Koliopoulos v. Copenhaver*, 464 F. App'x 641, 642 (9th Cir. 2011) (citing *Reeb*, 636 F.3d at 1227 for the proposition that there is "no habeas jurisdiction over challenges to exercise of BOP discretion

2

United States District Court
Northern District of California

1   under 18 U.S.C. §§ 3621–24"); *Cruz v. Jenkins*, No. 20-CV-03891-LHK, 2020 WL 6822884, at

2   *3 (N.D. Cal. Nov. 20, 2020) (same).  Under this precedent, Claim 1 is not cognizable.

3          In addition, this claim was moot even before the Petition was filed.  Mr. Peterson concedes

4   that he was "release[d] from custodial custody on 7/27/2021."  Docket No. 2 at 2.  The Petition

5   was filed on or after September 27, 2021.  *See* Pet. at 9 (dated by Mr. Peterson); *see also Houston*

6   *v. Lack*, 487 U.S. 266, 270-71 (1988) (announcing the prison mailbox rule).  Even if the BOP's

7   decision to delay placing a prisoner on home confinement were reviewable, this Court could not

8   remedy the delay because Mr. Peterson was already on home confinement when he filed the

9   Petition.

10         This claim is therefore **DISMISSED** with prejudice.

11  B.     Claim 2: Identifying Documents

12         Mr. Peterson's second claim, regarding the confiscation of his identifying documents, does

13  not lie within the core of habeas.

14         Mr. Peterson states that he lacks "a DMV-issued state ID or [Driver's License]," but does

15  not allege that these documents were taken as punishment for Mr. Peterson's crimes.  *Cf. United*

16  *States v. Bajakajian*, 524 U.S. 321, 334 (1998) (explaining that an *in personam* criminal forfeiture

17  constitutes punishment and is subject to the Eighth Amendment).  Rather, these documents appear

18  to have been confiscated at the time of Mr. Peterson's arrest.  *See* Docket No. 1-1 at 8 (stating that

19  any property confiscated at the time of Mr. Peterson's arrest was sent to the FBI in New Jersey).

20  Because this claim does not lie in habeas, it must be brought, if at all, in a civil rights action.

21         Moreover, Mr. Peterson appears to concede that these documents are in the custody of the

22  Department of Justice's New Jersey office.  *See* Pet. at 7 (conceding this "property [is] held by

23  DOJ-DNJ").  Thus, this claim is not even properly brought in this District, and should instead

24  proceed, if at all, in the District of New Jersey.

25         Mr. Peterson's second claim is **DISMISSED**.  Dismissal is without prejudice to Mr.

26  Peterson suing in the District of New Jersey for the return of his property.

27  C.     Claim 3: AUSA Helpfulness

28         Mr. Peterson's third claim, that the AUSA was not sufficiently helpful, is not cognizable.

United States District Court
Northern District of California

1   Mr. Peterson relies on 18 U.S.C. § 3631(a), which states that "[t]he Attorney General shall

2   carry out this subchapter in consultation with" other agencies. *See* Pet. at 7 (citing 18 U.S.C.

3   § 3631(a)). He claims that this statute requires the AUSA to provide personal assistance to

4   prisoners seeking to reintegrate into the community. *See id.* However, the Attorney General's

5   specific duties under § 3631 are enumerated in subsection (b), and involve researching, reviewing,

6   and preparing recommendations regarding BOP risk assessment systems and recidivism reduction

7   programs. *See* 18 U.S.C. § 3624(b). Nothing in this statute requires the AUSA to provide

8   personal assistance to an individual prisoner. *See id.*

9   Moreover, even if the statute were to impose such an extraordinary requirement, Mr.

10   Peterson concedes that the AUSA communicated with the local FBI office in response to Mr.

11   Peterson's property inquiry, learned that the local FBI office did not possess Mr. Peterson's

12   property, informed Mr. Peterson of the same, and recommended that Mr. Peterson contact the FBI

13   in New Jersey. *See generally*, Pet. The AUSA thus did attempt to offer Mr. Peterson individual

14   assistance, although the AUSA was unable to resolve Mr. Peterson's problems, despite not being

15   required to do so.

16   Because § 3631 does not require the AUSA to solve Mr. Peterson's individual problems,

17   this claim is **DISMISSED** with prejudice.

18   D.   Claim 4: Sentencing Procedures

19   Mr. Peterson's fourth claim must be brought in the District of New Jersey.

20   Mr. Peterson challenges the procedures followed by the District of New Jersey during

21   sentencing, and contends that judicial errors caused sentencing enhancement(s) to be imposed in

22   error. *See* Pet. at 8. This is not a challenge to the *execution of* a federal sentence, which may

23   properly be filed as a petition under 28 U.S.C. § 1441 in the district of confinement, but is rather a

24   challenge to the *sentence itself*, which must be made in a motion to vacate, set aside, or correct the

25   sentence pursuant to 28 U.S.C. § 2255. *See, e.g., Reina-Rodriguez v. United States*, 655 F.3d

26   1182, 1185 (9th Cir. 2011) (considering the denial of a "§ 2255 motion to correct a federal

27   sentencing enhancement"); *United States v. Beierle*, 77 F.3d 1199, 1199 (9th Cir. 1996)

28   (considering § 2255 motion which claimed that the district court had erroneously enhanced the

petitioner's sentence).

"[A] section 2255 motion may be brought only in the sentencing court . . . ." *Tripati v. Henman*, 843 F.2d 1160, 1163 (9th Cir. 1988).  Thus, because Mr. Peterson's fourth claim concerns an alleged sentencing error, this claim should proceed in the District of New Jersey.

Ordinarily, the Court would transfer Mr. Peterson's claim to the proper venue.  However, Mr. Peterson appears already to have filed a § 2255 motion in the District of New Jersey.  *See Peterson v. United States*, Case No. 3:2021-cv-20685 (filed Dec. 23, 2021).  Transfer thus appears unnecessary in this instance.  Mr. Peterson's fourth claim is **DISMISSED** without prejudice to raising this claim in Mr. Peterson's pending habeas action in the District of New Jersey.

### III.   ANALYSIS OF PENDING MOTIONS

In addition to the Petition, Mr. Peterson filed multiple motions.  The Court denies each motion on the merits, or orders the Clerk to terminate it as moot.

Mr. Peterson's "emergency motion for judicial notice of adjudicative facts" is **DENIED**.  What Mr. Peterson considers "adjudicative facts" are nothing of the kind.  Instead, Mr. Peterson provides several pages of argument regarding what he believes the Ninth Circuit has "conceded" in various opinions.  *See, e.g.*, Docket No. 4 at 1-3.  This is a matter of legal interpretation, rather than adjudicative fact.  *See* Fed. R. Evid. 201 (defining adjudicative facts).

Mr. Peterson's "emergency motion for leave on motion for judicial notice of adjudicative as to federal question . . . facts" is also **DENIED**.  Docket No. 12.  To the extent Mr. Peterson asks the Court to take notice of so-called adjudicative facts on an emergency basis, as is suggested by the title of this motion, the request fails for the reasons described above.  To the extent Mr. Peterson seeks recusal of the undersigned based on the undersigned's employment with the American Civil Liberties Union more than two decades ago, as suggested by the body of the motion, *see id*. at 3, this request is denied.  Mr. Peterson has not clearly explained why "'the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable.'"  *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 877 (2009) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)).

Finally, because these filings are moot in light of the instant dismissal, the Clerk shall

United States District Court
Northern District of California

5

terminate the stipulation filed at Docket No. 2, the "emergency motion . . . for . . . expedited review" filed at Docket No. 9, and the request to submit filings via email filed at Docket No. 12.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, the Petition is dismissed.  Dismissal is with prejudice as to Mr. Peterson's first and third claims, but without prejudice as to Mr. Peterson's second and fourth claims.

A certificate of appealability will not issue.  *See* 28 U.S.C. § 2253(c).  This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

This order disposes of Docket Nos. 2, 4,  9, and 12.

The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: May 4, 2022

_____
EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California

6